114 F.3d 1194
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ellen MATTHEWS, Plaintiff-Appellant,
v.
AEROSPACE CORPORATION LONG-TERM DISABILITY INCOME BENEFITS
INSURANCE PLAN; the Prudential Insurance Company
of America, Defendants-Appellees.
 No. 96-55278.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 9, 1997.*
Decided May 15, 1997.
 
 Before: WALLACE, THOMPSON, and T.G. NELSON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Matthews appeals from the district court's judgment in favor of Aerospace Corporation Long-Term Disability Income Benefits Insurance Plan and Prudential Insurance Company of America (Prudential). The district court had jurisdiction pursuant to 29 U.S.C. § 1132(e)(1). We have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 2
 Matthews first contends that the district court erred in holding that Prudential did not abuse its discretion in determining that she was able to perform "sedentary or light duty work," and thus not eligible for continued benefit payments. We review Prudential's decision for an abuse of discretion. Snow v. Standard Insurance Co., 87 F.3d 327, 330 (9th Cir.1996).
 
 
 3
 The Aerospace Corporation Group Program (Program) defines "total disability" as follows:
 
 
 4
 "Total Disability" exists when Prudential determines that all of these conditions are met:
 
 
 5
 (1) Due to Sickness or accidental Injury, both of these are true:
 
 
 6
 (a) You are not able to perform, for wage or profit, the material and substantial duties of your occupation.
 
 
 7
 (b) After the Initial Duration of a period of Total Disability, you are not able to perform for wage or profit the material and substantial duties of any job for which you are reasonably fitted by your education, training or experience....
 
 
 8
 (2) You are not working at any job for wage or profit.
 
 
 9
 (3) You are under the regular care of a Doctor.
 
 
 10
 Several doctors who examined Matthews opined that she did not suffer from a serious or long-term disability. As a whole, they believed that her thigh injury was minor and should not have prevented her from returning to work. Goldfarb, the vocational counselor who reviewed the doctors' reports, concluded that Matthews could perform various types of "light duty work," including a gas meter reader, plumbing inspector, an order clerk for a plumbing supply company, and a quality control inspector. Based on this evidence, Prudential concluded that Matthews was not eligible for long-term disability coverage benefits under the Program. We agree with the district court that Prudential did not abuse its discretion in determining that Matthews was "able to perform for wage or profit the material and substantial duties of any job for which [she was] reasonably fitted by [her] education, training or experience."
 
 
 11
 Matthews next contends that her psychological impairments entitle her to long-term disability benefit payments under the Program. Under the Program, "if your Total Disability, as determined by Prudential, is caused at least in part by ... [a] mental, psychoneurotic or personality disorder ..., benefits are not payable for your Total Disability for more than 24 months." An exception, which does not apply here, extends coverage when the claimant is or becomes "Confined in a Hospital." Since Matthews received benefits for the first two years after the inception of her claimed disability, the Program does not entitle Matthews to any further long-term disability benefit payments. Though Matthews asserts that the Program's language is ambiguous, it is quite clear to us that the district court did not err on this issue.
 
 
 12
 In her opening brief, Matthews asks us to "sanction Prudential by striking the matters on which Prudential relied" but did not disclose to Matthews. In her reply brief, Matthews clarifies her requested relief by asking that we remand this case to the district court. Yet, it is unclear what this remand would achieve. The district court, like the Program administrator, had Goldfarb's report before it when it ruled on Matthews's claim. Remanding the case would not alter this result.
 
 
 13
 Even if Matthews could ask us for "sanctions" against Prudential, no remedy would exist. "Ordinarily, a claimant who suffers because of a fiduciary's failure to comply with ERISA's procedural requirements is entitled to no substantive remedy." Blau v. Del Monte Corp., 748 F.2d 1348, 1353 (9th Cir.), cert. denied, 474 U.S. 865 (1985). Since Matthews has failed to demonstrate how this alleged omission resulted in "substantial harm" to her, see McKenzie v. General Tel. Co., 41 F.3d 1310, 1315-16 (9th Cir.1994), cert. denied, 115 S.Ct. 1697 (1995), we could not sanction Prudential for its alleged omission. See also Parker v. BankAmerica Corp., 50 F.3d 757, 768-69 (9th Cir.1995).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4